UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF CANADIAN IMPERIAL BANK OF COMMERCE | CASE NO. 24-MC-80070-JSC<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Canadian Imperial Bank of Commerce seeks discovery from Yahoo Inc. pursuant to 28 U.S.C. § 1782 for use in a case pending in the Supreme Court of British Columbia, Canada. *See MSA International Management Limited v. Canadian Imperial Bank of Commerce, et al.*, No. S139553. (Dkt. No. 1 at 3.)[1] Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

**BACKGROUND**

This action arises out of a civil case brought against the Canadian Imperial Bank of Commerce ("Bank") brought by MSA, a Canadian company. MSA alleges the Bank negligently permitted unauthorized fund transfers from an MSA account, and froze the balance of the account without justification. (Dkt. No. 2, MacMillan Decl., ¶ 2.)

The Bank's Section 1782 Application seeks discovery regarding Hassan Asadi, the sole director and officer of MSA and the director and shareholder of MSA Holding. (Dkt. No. 1 at 3.) In particular, the Bank seeks permission to issue a subpoena to Yahoo to obtain all emails from, or received by, Mr. Asadi at the email account assadiassadi@Yahoo.com between November 1, 2012

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

through March 19, 2013.  (*Id.* ¶ 4.)  The Canadian court ordered Mr. Asadi to execute an authorization to obtain all emails directly from Yahoo for this time period.  (Dkt. No. 2-2, MacMillan Decl., Ex. B.)  However, when Mr. Asadi's counsel attempted to obtain the information from Yahoo, Yahoo advised it would not release the information without a valid subpoena or other valid legal process issued from a U.S. jurisdiction.  (Dkt. No. 2-3, MacMillan Decl., Ex. C.)

**LEGAL STANDARD**

Section 1782(a) allows a district court to order discovery for use in a foreign country when the discovery applicant meets several statutory requirements and is not privileged from production.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

**DISCUSSION**

**I.     Statutory Requirements.**

A court may order discovery for use in a foreign proceeding under Section 1782 when the following requirements are met: (A) the person from whom the discovery is sought "resides or is found" in the district where the application is made; (B) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (C) the application is made by a foreign or international tribunal or "any interested person."  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

The three statutory requirements are all met here.  The residence requirement is satisfied because Yahoo maintains an office in San Francisco according to the California Secretary of State.  (Dkt. No. 2-4, MacMillan Decl. Ex. D.[2])  Therefore, Yahoo can be found in this district for the purpose of Section 1782.  *See In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029,

---

[2] Pursuant to the Federal Rules of Evidence, courts may judicially notice an adjudicative fact if it is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Bank requests judicial notice of Yahoo's August 17, 2023 Statement of Information filed with the California Secretary of State.  (Dkt. No. 3; Dkt. No. 2-3).)  The Bank's request for judicial notice is granted.  *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted).

1035-36 (N.D. Cal. 2016) (holding a corporation satisfied the Section 1782 jurisdiction requirement by maintaining non-headquarter offices within the district); *see also In re TPK Touch Sols. Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding the business is "found" within the district when it maintains an office in the district). The Bank, as the defendant in the Canadian Proceedings, is "an interested person" for the purpose of Section 1782. *See Intel Corp.*, 542 U.S. at 241. And the discovery is for use in a proceeding in British Columbia between MSA and the Bank, so the foreign tribunal requirement is satisfied.

## II.     Discretionary Factors

Courts have discretion to grant or deny Section 1782 applications after finding the applicant has satisfied the above statutory requirements. *Intel Corp.*, 542 U.S. at 241. In making the determination, courts consider the following four factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 244-45. Here, the *Intel* discretionary factors weigh in favor of granting the Bank's request.

### A.     Participation in Foreign Proceeding

When evaluating the first factor, the inquiry is whether the person or entity from whom discovery is sought is a participant in the foreign proceeding. *Intel Corp.*, 542 U.S. at 244 ("when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Here, Yahoo is not a party to the proceedings in Canada. Therefore, this factor weighs in favor of granting the application. *See In re TPK Touch Sols. (Xiamen) Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016) (recommending the district court grant discovery when the proposed subpoenaed party was not a party to the foreign proceedings in China).

### B. Nature of Foreign Tribunal and its Receptivity

Turning to the second factor, the Court considers the "nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance*.*" *Intel Corp.*, 542 U.S. at 244. Courts have held this factor weighs in favor of granting the application unless the foreign tribunal expressly says it does not want assistance from U.S. federal courts. *See, e.g., Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100-01 (2d Cir. 1995) (a district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84-85 (2d Cir. 2004) (affirming the denial of discovery where the German government expressly objected to the information sought). The Bank asserts Canadian courts are receptive to United States discovery, and federal courts have routinely granted requests to obtain discovery in the United States for use in proceedings pending in Canada. (Dkt. No. 1 at 9.)

Here, the Court may reasonably infer the Canadian Court would be receptive to discovery sought from Yahoo because the Canadian court previously ordered Asadi to execute an authorization to obtain the very information the Bank now seeks from Yahoo. *See In re Path Network, Inc.*, No. 23-mc-80148-PHK, 2023 WL 8115045 (N.D. Cal. Nov. 22, 2023) (finding factor weighted in favor of discovery where "the Canadian Court has taken steps and issued orders to seek the type of discovery sought here").

Accordingly, this factor weighs in favor of granting the Application.

### C. Attempt to Circumvent Foreign Law

The third discretionary factor looks to "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 244-45. Courts often presume the application is not an attempt to circumvent foreign proof-gathering procedure where a foreign court has requested such information. *See United States v. Google LLC,* No. 23-mc-80149-PHK, 2023 WL 5725518, at *7 (N.D. Cal. Sept. 5, 2023) (finding the discovery request, initiated by the South Korean Court, was not an attempt to "bypass proper proof-gathering procedures or any other discovery or disclosure-

4

related policies of the Republic of Korea."). Similarly, when the discovery was initiated by the foreign court and there is no evidence of attempted circumvention of the foreign tribunal's proof-gathering procedure, the court may find the factor weight in favor of granting an application. *See, e.g., In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *2 (N.D. Cal. Dec. 15, 2014). This factor also weights in favor of granting the Application because the discovery was initiated by the Canadian court.

### D. Unduly Intrusive or Burdensome Requests

Finally, the request must not be unduly burdensome. *Intel Corp.*, 542 U.S. at 265. Here, the subpoena requests "all emails sent from and received by the email account assadiassadi@yahoo.com from November 1, 2012 through March 19, 2013." The requests are limited to information associated with one account during a limited five-month period. (Dkt. No. 1-1, Ex. 1.) *See In re Roebers*, No. C12-80145 MISC RS LB, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) (holding the requested discovery is not unduly intrusive or burdensome since "internet service providers and operators of communications systems are generally familiar with this type of discovery request").

However, the Canadian court order MSA relies upon directed a privilege review of the emails before produced to the Bank. (Dkt. No. 2-2 at 3.) Accordingly, the Bank shall serve this Order on MSA and meet and confer with MSA to address how Yahoo's production should be handled to address privilege concerns.

### CONCLUSION

For the reasons stated above, the Court GRANTS the 1782 application. The Bank may serve the subpoena attached to its application at Exhibit 1 with the following conditions:

1. Within 7 calendar days after service of the subpoena, Yahoo shall notify MSA/Mr. Asadi of the subpoena and this Order. Thereafter the parties shall meet and confer on the production to address any privilege concerns. MSA/Mr. Asadi has 21 calendar days from the date of such notice to move to quash the subpoena in this Court. The return date of the subpoena shall be set after the expiration of the 21-day period Mr. Asadi/MSA has to contest the subpoena. If Mr. Asadi/MSA contests the subpoena, Yahoo shall preserve (but not disclose) the information

sought by the subpoena pending the resolution of that contest.

2. The Bank may only use the information obtained in response to the subpoena for the sole purpose of the Canadian proceedings and may not release any identifying information without a court order authorizing release of the information.

This Order disposes of Docket No. 1.

IT IS SO ORDERED.

Dated: June 27, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge